WELD (UNITED STATES v.). See Case No. 16,660.

---

## Case No. 17,375.

### WELDDES v. EDSELL et al.

[2 McLean, 366.] [1]

Circuit Court, D. Indiana. May Term, 1841.

PAYMENT OF JUDGMENT — RECEIPT OF DEPUTY CLERK—FRAUD—LIABILITY OF CLERK —EXECUTION.

1. Where defendants, by the misrepresentation of their agent, procured the deputy clerk to receive an assignment of a judgment, and depreciated paper, in payment of a judgment, for which he gave a receipt, the plaintiffs are not bound by it, and may issue their execution.

2. Such an arrangement being wholly unauthorized by the plaintiffs, the court will not set aside the execution.

3. Nor will the court enter a rule on the clerk to pay over the paper received by his deputy, the clerk never having sanctioned the arrangement.

4. The clerk is bound by the acts of his deputy, but where the act is not in the ordinary course of business, and, especially, where it has been done through the procurement and misrepresentations of a party, the liability of the clerk may be doubtful.

5. Under such circumstances the court will not give to the party a summary mode of redress.

[Action by Welddes against J. W. and Samuel Edsell.]

Mr. Lockwood, for plaintiff.
Mr. Cooper, for defendants.

McLEAN, Circuit Justice. Samuel Edsell, one of the defendants, filed an affidavit stating that, at November term, 1838, the plaintiffs, citizens of New York, obtained a judgment against them for $1,198.84, and that the defendants paid on the judgment $824.48, by the assignment of a judgment in the defendants' favor, against Roehill & Spencer, to and for the plaintiffs, and that on the 4th January, 1839, they paid to the clerk of this court $416.00, and, also, $8.40 costs on said judgment. That the amount of the judgment assigned had been paid to the plaintiff's attorney, and that the money paid to the clerk was equivalent to specie, as he is informed and believes, and that the clerk gave to defendants a receipt in full for the judgment. That notwithstanding said payment execution has been issued on the judgment, and is now in the hands of the marshal. And the defendants, by their counsel, move the court to set aside the execution.

The receipt of the deputy clerk was produced as above, and he, being sworn, states that the agent of the defendants, from whom he received the above assignment of the judgment and payment, and to whom the receipt was given, informed him that the plaintiffs' counsel had agreed to receive the judgment assigned and the payment of the Indiana paper, in discharge of the judgment against the defendants, and relying upon this state-

[1] [Reported by Hon. John McLean, Circuit Justice.]

ment he made the arrangement with the defendant's agent.

The counsel for the plaintiffs, being sworn, states that, he made no such arrangement as above represented with the defendants or their agent. That the money on the assigned judgment is in his hands, subject to the order of the defendants. It has not been applied on the judgment against them, because the defendants refused to have it so applied, unless the counsel would agree, also, to sanction the above payment, in paper, to the deputy clerk.

On this state of facts the court refused to set aside the execution. The deputy clerk, in making the arrangement, was misled by the statement of the defendant's agent, and the plaintiffs ought not to be prejudiced by it. As the plaintiffs demanded specie from the defendants, and as the above arrangement avoided the payment of specie, it seems to have been intended to defeat the plaintiffs' demand. The arrangement was, in fact, made, without authority, and, under the circumstances, we think, the plaintiffs are entitled to their execution.

At a subsequent day of the term a motion was made for a rule on the clerk to pay over the money received by his deputy to the defendants, and the merits of the motion were discussed as though the rule had been granted. On a motion of this kind the court will not consider the question which has been raised as to the power of the clerk to receive the amount of a judgment·on his docket, and give a discharge against it. It has been usual to make such payments, and this is enough to fix the liability of the clerk under ordinary circumstances. And had this payment been made in money the court would not hesitate to enter the rule. But this cannot be considered a bona fide payment on the part of the defendants. From the time the arrangement was made known to the clerk he refused to sanction it. And the deputy had no special authority to make it. It was not, in fact, in the line of his ordinary duty as deputy. Suppose he had executed a receipt to the defendants without receiving a dollar of the money, would the clerk have been bound? He did, in fact, execute a receipt without receiving money. The assignment of the judgment the deputy had no authority to take, nor had he a right to receive the Indiana paper which he did receive.

If an agent act within the line of his duty he binds his principal; but if he exceed his powers he does not bind him. The custom of an office, under the general sanction of its head, would bind him. Whatever is done, generally, by a deputy clerk may be presumed to be done with the sanction of the clerk; and, under such circumstances, no secret agreement or understanding, between the clerk and his deputy, can relieve the clerk from responsibility. But where a thing is done, as in the present case, out of the ordinary course of business, and, especially, where this deviation has been through the procurement and misrepresentation of the party or his agent, the liability of the clerk may be considered doubtful. If the act of the deputy were procured through the fraud of the defendants, it is clear that the clerk cannot be held liable.

But we deem it unnecessary, on this motion, to decide this question. Whether the clerk is liable or not, for the Indiana paper received by his deputy, we are clearly of the opinion that under the circumstances the defendants are not entitled to this summary relief.