# N. Y. COMMON PLEAS.

## HENRY VAN SCHAICK agt. FRANZ SIGEL.

*Liability of register of New York for neglect or error in making and returning an official search.*

The register of the city of New York is liable for all errors, inaccuracies or mistakes made in a return, where the usual requisition has been made at his office for a certificate of search.

Where the usual requisition was made at the register's office for a certificate of search, which was returned, showing that the premises in question were clear of incumbrance, and relying upon this the loan was effected and the mortgage was recorded, and it was afterwards ascertained that a prior mortgage had been executed on the same premises. Upon foreclosure there was a surplus of $1,506.11. Plaintiff seeks to recover the amount of his loan from the register, because of the latter's neglect in returning in the search the prior mortgage. The search was made and certificate signed by a deputy. The defendant's liability is based upon the act of July 21, 1873, in relation to the office of register and the defendant claims exemption from liability on the ground that it is one for tort, and that he cannot be held personally liable as the certificate was not signed by him personally:

*Held,* that, by the act the register was authorized to appoint and pay a deputy who became his agent for the performance of the duties of the office. Such appointees, are in no sense public officers within the meaning of the statute, they being hired or discharged by the register at will, and the clear intent of the statute is not to absolve the register from any liability arising under its provision.

*Held,* also, that, although the plaintiff in making his requisition at the register's office for a certificate of search designated the clerk whom he desired should make the search, he did not become the agent of the plaintiff. It was only a request and not an employment by the plaintiff, the defendant having control of his office. It was a mere matter of accommodation to the plaintiff that a man of experience should be allowed to make the search.

*Held,* further, that the plaintiff was not bound to make the search personally, but had the right to rely upon the official certificate of a public officer designated by law to perform the services, and the register is liable for any loss which was the direct and immediate result of negligence or error of the register, that is, the impairment of the value of plaintiff's security by means of his neglect.

*Special Term, January,* 1880.

In February, 1874, the defendant was register of deeds, in and for the city and county of New York. About that time one George H. Scott applied to plaintiff through his attorneys, Van Schaick, Gillender & Thompson, for a loan of $4,000 upon premises situate on One Hundred and Sixth street, in the city of New York. It was agreed between the parties that the loan should be made, and should be a first or prior lien upon the premises above mentioned. In furtherance of this object a requisition was prepared by said attorneys, addressed to said register, requiring him to search and certify, among other things, for all mortgages made by said Scott from October 28, 1868, to February 10, 1870. The search was made, the returns noted thereon, the fees therefor paid by the plaintiff or his attorneys, and a certificate added thereto, dated February 28, 1874, signed " D. Lennox, Ass. Dep. Reg."

Relying upon the correctness of this search and certificate, by which it appeared that the proposed loan would be a first and prior lien upon the premises in question, the plaintiff advanced to Scott the sum of $4,000, and said Scott executed, as security therefor, a mortgage for that amount, dated February 20, 1874, and recorded in said register's office on the 28th day of February, 1874.

Subsequently it was ascertained that a prior mortgage upon said premises had been executed by Scott to one Edmund Coffin, Jr., for the sum of $2,500, dated January 13, 1874, and recorded in said register's office January 21, 1874, which said last-mentioned mortgage was not returned upon the search above mentioned, but was omitted from the return upon said search, and of which neither plaintiff nor his attorneys, prior to the making of the loan of $4,000, had any notice.

In 1875 plaintiff commenced the foreclosure of his mortgage, and on December 24, 1875, obtained a judgment of foreclosure and sale of the premises wherein it was adjudged that there was due to him for principal and interest the sum of $4,313.44, and $287.14 for the taxed costs and allowance. Afterwards the Coffin mortgage was foreclosed and judgment

Van Schaick agt. Sigel.

entered May 1, 1876, wherein it was adjudged that there was due to said Coffin, for principal and interest, the sum of $1,986.61, and $260.78 for costs and allowance. Under this last judgment the premises were sold, May 24, 1876, to the plaintiff Van Schaick for $4,000. From the surplus moneys arising on this sale the plaintiff received the sum of $1,530.11. In September, 1876, this action was commenced against the defendant to recover $4,000 damages, by reason of the negligence of the defendant and his employes, in omitting to return, on the search hereinbefore mentioned, the mortgage for $2,500 held by said Coffin.

*Wm. A. Beach, Esq.,* for plaintiff.

*Edward Solomon, Esq.,* for defendant.

LARREMORE, *J.* — It will be unnecessary to consider what liability, if any, the defendant, as a public officer, has incurred under the common law, or how far the rule of *respondeat superior* applies to the present case. The action was tried and discussed upon the sole ground of defendant's liability under an act passed July 21, 1853, by the legislature of this state, entitled " An act in relation to the office of the register of the city and county of New York," (*Laws of* 1853, *chap.* 610). The first section of said act provides that the register of deeds of the said city and county is authorized to appoint a deputy register and also an assistant deputy, each of whom shall within the office of the said register possess the same powers and be subject to the same duties and responsibilities as the deputy county clerks in the various counties of this state are possessed of, and subject to their respective officers. This section also provides that the compensation of each of said officers shall be fixed and paid by the said register.

The second section of the said act provides, that it shall be the duty of said register to cause any and every written order or written requisition for a search to be made and to be certified, &c., &c. It further provides, that he shall be liable

Van Schaick agt. Sigel.

for all damages and injury resulting from errors, inaccuracies or mistakes in his return so certified by him.

The third section of said act authorizes and requires the said register to employ all necessary searchers and copyists for the transaction of the business of his office.

The duties and responsibilities of deputy county clerks, referred to in the first section of this act, are defined by Laws of 1831 (*chap.* 237 [1 *Edmunds' Rev. Stat., sec.* 349], *sec.* 58), to wit : When a county clerk shall be absent from the county, or by reason of sickness or any other cause shall be incapable of performing the duties of his office, his deputy may perform all the duties appertaining to the office of clerk of the county, except that of deciding upon the sufficiency of sureties of any officer.

The defendant claims exemption from liability on the ground that this is an action for a tort, and that he cannot be held personally liable therein as the certificate in question was not signed by him personally. I cannot thus construe the act of July 1, 1873. By it he was authorized to appoint and pay a deputy and assistant deputy register, who thereby became his agents for the performance of the duties of his office. Such appointees are, in no sense, public officers within the meaning of the statute. They are not required to give any security for any neglect or omission of duty, and are employed and may be discharged at the will and pleasure of the register. The requisition in question was addressed to the register as such, and the fees for the return thereon were received by him ; and the statute says that *he* shall be liable for all errors, inaccuracies or mistakes in the return so certified by him. " When a statute imposes a duty upon a public officer any person having a special interest in the performance thereof may sue for a breach causing him damage ; and the same is true of a duty imposed upon any citizen " (*Cooley on Torts*, 654; 44 *N. Y.*, 113; 2 *Abb. Ct. App. Dec.*, 458; 11 *R. S.*, 456; 3 *El. & Bl.*, 402).

Moreover, *he* is authorized and required to employ the

necessary searchers and copyists to meet the requirements of his office.

It would appear, therefore, that the clear intention of the statute referred to was not to absolve the register from any liability arising under its provisions, although allowing him assistance in the discharge of his onerous and multifarious duties.

Defendant further contended that, as the plaintiff (by his attorneys) had designated Mr. De Grove (one of the defendant's searchers) as the person to make the search in question, De Grove thereby became plaintiff's agent. This proposition cannot be sustained. It was, at most, a mere request to the defendant, and not an employment by plaintiff. Defendant was not obliged to accede to the request, and had entire control and management of the affairs of his office. It may have been a matter of accommodation to plaintiff that a man of experience should perform the service required, but plaintiff incurred no responsibility on this account.

It was further urged that plaintiff did have, or could have had, notice of all incumbrances on these premises, and that if he failed in this respect he was guilty of neglect. This can only mean that he should have made, or caused to be made, a personal search. This he was not bound to do. He had a right to rely upon the official certificate of a public officer designated by law to perform the service required. Defendant further complains that no notice was given him of the existence of the Coffin mortgage, nor of the foreclosure of the plaintiff's mortgage. The statute requires no such condition in fixing his liability. But, if it did, the answer to it would be, that the existence of the one mortgage and the foreclosure of the other were matters of public record, of which plaintiff must be supposed to have had constructive notice. The testimony of Gillender also shows that, before the commencement of this action, he advised the defendant to take the property and give him the money, which proposition defendant did not accept.

Defendant further contends that the plaintiff should have exhausted his remedy against Scott, who, at the time of plaintiff's recovery of judgment in foreclosure, was solvent. I fail to find, from the testimony, that such was the fact. Scott testified, that in December 1875, he had nothing but equities in real estate; that he had no personal property that was subject to levy or execution; that by the depreciation of real estate he lost every thing he ever had, and was subsequently thrown into bankruptcy. But, as before stated, defendant's liability does not depend upon Scott's insolvency, but the provisions of the statute. There was some comment and criticism upon the fact that an erasure had been made upon the search over the certificate of February 28, 1874. The explanation of this, which was not disputed, was, that the mortgage given by Scott to Coffin had been written over said certificate of February 28, 1874, and appeared as if the same had been returned as a part of the original search. Mr. Gillender, one of plaintiff's attorneys, swears positively that such insertion was not made until September 1876, when he sent the search back to the register's office for continuation. That when he discovered this insertion or interlineation he went to the register's office, called attention to the fact that such interlineation was made long after the date of the first certificate, and demanded that the same should be erased; that it was accordingly erased by the direction of the register or one of his deputies. As to this fact, Mr. Gillender's testimony is corroborated by that of Mr. Fixman, his clerk. Mr. De Grove, who made the search and the continuation thereof, would not testify positively as to the time when such interlineation was made, and, when closely questioned upon this point, said that he would not swear that the interlineation was not made in September, 1876.

From the testimony in this case then, I reach the following conclusion: That the plaintiff, relying upon the official certificate of search and in expectation of having a prior lien upon the premises in question and having no notice of any

other such incumbrance upon the same, loaned to Scott the $4,000 secured by the mortgage hereinbefore mentioned. That by the negligence or carelessness of defendant, his deputies, searchers or agents, in not returning the Coffin mortgage over the certificate of search dated February 28, 1874, the plaintiff was misled to his damage and lost something of value, *i. e.*, his priority of lien on the premises in question.

He claims, as compensation for the loss, the full amount of his mortgage, the sum of $4,000. In this I think he is in error. The defendant is liable only for any loss which was the direct and immediate result of the negligence or error (*Knight* agt. *Wilcox*, 14 *N. Y.*, 413; *Sprague* agt. *Eccleston*, 1 *Lans.*, 74).

This is not the face of plaintiff's mortgage but the impairment in value of plaintiff's security *in rem.* for said mortgage. If the defendant had paid off the Coffin mortgage and caused the same to be canceled, the plaintiff would have been in the position originally contemplated when he made the loan. The defendant is responsible for any loss directly occasioned by the existence of the Coffin mortgage as a lien upon said premises. This, it would appear, is the amount due upon the Coffin mortgage and all costs and expenses incurred in its collection. Plaintiff may have sustained other losses in the transaction which may be attributed either to the irresponsibility of the mortgagor whose bond he held, or to the general depreciation in value of the property mortgaged. But losses of this character are not direct consequences of the register's negligence, nor is he to be held liable therefor.

It appears from the judgment roll for the foreclosure of the Coffin mortgage that the amount due Coffin April 27, 1876, was as follows:

| | |
|---|---:|
| For principal and interest .................. | $1, 986 61 |
| For costs and allowances................... | 260 78 |
| Making, in all, the sum of.............. | $2, 247 30 |

This is the amount of defendant's liability in this action. Let findings and a decree be prepared in accordance with the views above expressed.