GEORGE H. SELOVER v. J. M. SHEARDOWN.

July 18, 1898.

Nos. 11,165—(197).

**Clerk of U. S. Court—Furnishing False Information—Negligence.**

Where a ministerial officer, in the discharge of a special duty to an individual, performs it negligently, an action lies in behalf of the individual thereby injured. *Held*, that the defendant officer owed a duty to the plaintiff to furnish him the required information, which he did negligently, to the plaintiff's injury, and hence the defendant was liable in damages by reason of such negligence.

Action in the district court for Winona county to recover $1,056 damages for the negligence of defendant, as stated in the opinion. Defendant's demurrer to the complaint was sustained by Snow,

J. From a judgment in favor of defendant, plaintiff appealed. Reversed.

*Geo. H. Selover, pro se.*

*P. Fitzpatrick,* for respondent.

BUCK, J.

The questions involved upon this appeal arise upon a demurrer to the complaint, the claim being made that the latter does not upon its face state facts sufficient to constitute a cause of action.

The allegations in the complaint are substantially as follows: That plaintiff, who was an attorney at law, in February, 1894, with other attorneys, who have assigned their rights to him, entered into an agreement with the city of Wabasha to prosecute a claim of $60,000 against the Chicago, Milwaukee & St. Paul Railway Company, said attorneys to pay all costs and expenses of the suit against said company in the prosecution of the claim. The suit for such claim was duly commenced in the district court of Wabasha county, but afterwards duly removed to the United States circuit court of Minnesota, first division, where it was tried June 4 and 5, 1895, and a verdict rendered in favor of the company; and on June 6, 1895, after recording the said verdict, judgment of dismissal was entered in the minutes of said United States court. On December 4, 1895, two days before the expiration of the six months from the entry of said judgment of dismissal (being the time allowed for appeal), the plaintiff herein, as one of the attorneys for the city, telegraphed the following inquiry, addressed to the "Clerk of U. S. Court, Winona, Minn.," to wit:

"Was judgment entered Wabasha-Milwaukee case? If so, when? Answer."

The same day defendant, then the duly-appointed and acting deputy clerk of said court, answered said telegram as follows: "Judgment not entered;" signing said telegram, "J. M. Sheardown, Deputy,"—he then knowing that judgment of dismissal had been entered, as above stated, June 6, 1895. Subsequently the defendant and the attorneys for the said railroad company notified plaintiff that judgment had been entered in said action on December 16, 1895, against said city and for costs.

Plaintiff also alleges, in substance:

On January 31, 1896, the plaintiff and his associate attorneys for the city caused to be issued, in the name of the U. S. circuit court of appeals for the eighth circuit, a writ of error to said circuit court in said action. On March 11, 1896, a transcript of the record was filed in the office of the clerk of said appellate court. Said transcript was printed by said last-named clerk, and copies thereof delivered to plaintiff and his associates, in April, 1896, and from said printed record plaintiff and his associates learned for the first time that judgment had been entered in said action on June 6, 1895, or at some other time than December 16, 1895. On May 4, 1896, on motion of said railway company, said appellate court dismissed said writ of error on the ground that the same was sued out more than six months after entry of final judgment in the action, and sent remittitur down to said circuit court. In order to get said cause properly before said appellate court, plaintiff and his associates necessarily expended $306 for fees of printer and clerks and other expenses, and between December 4, 1895, and May 4, 1896, they performed, in and about making the petition for the writ of error and preparing for a hearing in the appellate court and in other matters connected with the cause, services of the reasonable value of $750. It was the official duty of defendant to answer said telegraphic inquiry from plaintiff, and to make searches, and report upon the same to any persons asking therefor, and he was authorized to charge a certain fee for such service, which fee was in this instance paid, not at the time of performance of service, but on January 31, 1896. Plaintiff and his associates expended money and performed services as aforesaid in reliance upon the truth of the information received from defendant. That, had defendant transmitted correct information, said expenditure would not have been made nor said services rendered. That the defendant was negligent in the premises, and by reason of such negligence, said services were rendered useless, and said money so expended was lost to plaintiff and his associates, to their damage in the sum of $1,056.

There are no allegations of fraud, or that defendant intentionally deceived plaintiff and his associates.

Was the defendant negligent in thus answering the plaintiff's telegram? R. S. (U. S.) § 828, provides the fees which the clerk shall receive for making search for any particular mortgage, judgment or other lien, and for searching the records for judgments, decrees or other instruments, and for certifying the result of such search; and we are of the opinion that it was the official duty of the clerk or his deputy in this instance to furnish correctly and truly the information from his judicial records to the plaintiff which he asked for. The defendant deputy clerk did assume so to act, but either did not search the records, or did so negligently, and sent an untrue statement, which misled the plaintiff, and we think that negligence was the proximate cause of the damage sustained by the plaintiff. He relied upon defendant's telegram of December 4, 1895, and upon the notice both from the railroad attorneys and the defendant himself that judgment had been entered against the city; he took the appeal, which was dismissed because not taken in time.

The first inquiry was a proper one. The answer was an official statement, in answer thereto, which induced the plaintiff to take the steps which he did, and incur the costs for which he has sued in this action. It was not incumbent upon the plaintiff to allege that he would have succeeded in the appellate court, in order that he may recover; for what he is suing for is not the loss of the suit, but the labor and money which he was induced to expend in reliance upon the false information furnished by the defendant. It was this act of the defendant which caused him to incur the expense.

It is a general rule that wherever an individual has suffered injury from the negligence of a ministerial officer, in the discharge of a special duty to himself, an action lies on behalf of the party injured, for the action is founded, not on contract, but on breach of duty. Wharton, Neg. § 284. It was the particular duty of the defendant to furnish the required information to the plaintiff, and the law fixes his compensation for so doing, and the injury which plaintiff sustained by reason of defendant's negligence in not furnishing plaintiff the required information rendered the defendant liable. Morange v. Mix, 44 N. Y. 315.

If we could assume that which the trial judge says was conceded

at the argument, but which does not appear in the record,—that it is the usual practice in the United States courts to enter two judgments,—a different case might perhaps be presented. But the defendant, having sought to raise the question of his liability by demurrer, must stand upon the alleged insufficiency of the complaint on its face.

Judgment reversed.