(47 App. Div. 154.)

## HARTWELL v. RILEY.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. COUNTY CLERK—DEPUTY'S NEGLIGENCE—CLERK'S LIABILITY.
    A county clerk is liable for the loss sustained by a mortgagee through his deputy's failure to properly index a lis pendens affecting the mortgaged property, filed before the giving of the mortgage, though such act was a purely ministerial duty in ordinary course of the business of the office.

2. LIS PENDENS—INDEXING.
    Under Code Civ. Proc. § 1672, requiring a lis pendens to be indexed "to the name of each defendant," etc., where a husband and wife are named as defendants, an entry of a lis pendens upon the index book against the name of the husband, adding the characters, "& Wf.," is no index against the wife, so as to impart notice to purchasers from her of land affected.

3. SAME.

A county clerk, employed to make an official search for one about to take a mortgage, discovered no defect in the title of the person who was to give the mortgage, owing to the failure of a former county clerk to index a lis pendens affecting the property, as required by Code Civ. Proc. § 1672, requiring a lis pendens to be indexed "to the name of each defendant," etc., and the mortgage was taken. The lis pendens was indexed to the mortgagor's husband "& Wf.," but it was not indexed against her name. The mortgagor, who was in possession, had acquired title from her husband, but the recorded deed did not show the relationship. *Held*, that the mortgagee, who sustained a loss through the failure of the former county clerk to perform his duty in respect to indexing the lis pendens, was not chargeable with negligence because he relied on the search made by the county clerk, who believed, as he had a right to do, that his predecessor had done his duty, and hence did not discover the mistake.

Appeal from trial term, Rensselaer county.

Action by Charles E. Hartwell, as executor of Frank W. Lobdell, deceased, against Francis Riley. From a judgment for the plaintiff, defendant appeals. Affirmed.

Action to recover damages for the failure of the defendant, as county clerk, to index a notice of pendency of an action. On January 29, 1896, the plaintiff's testator loaned to Margaret Jones $3,000 upon her bond, secured by her mortgage upon certain real estate in the village of Lansingburg, then in her possession, the deed of which to her from Dewitt C. Jones was recorded on October 27, 1892. The mortgage was recorded on February 3, 1896. The loan was negotiated through Mr. Kirsop, whose business was in part the negotiation of loans and real estate. Mrs. Jones, through her son, applied to Mr. Kirsop to obtain the loan. The latter went and looked over the property, and afterwards saw Mr. Lobdell, and went with him and looked over the property. Up to that time Mr. Lobdell did not know Mrs. Jones. After looking over the property, Mr. Lobdell said that he would take the loan, and also stated that he wanted a county clerk's search. Thereupon Mr. Kirsop, by himself or his attorney, procured the bond and mortgage to be drawn and duly executed, and obtained a county clerk's search from Mr. Van Alstyne, the then county clerk, and placed these papers in the hands of Mr. Lobdell for examination. After two or three days, the loan was closed, the money paid to Mrs. Jones, Kirsop receiving from her or her son payment for his charges, including the amount paid for the search. Nothing was said by Mrs. Jones or her son to Lobdell or Kirsop about there being any dispute as to the title. The search showed a clear title coming to Margaret Jones from Dewitt C. Jones by deed dated October 26, 1892, and recorded October 27, 1892, and to Dewitt C. Jones from Eva M. Southwick by deed dated August 1, 1891, and recorded August 3, 1891. It appears that on December 13, 1893, Eva M. Southwick commenced in the supreme court an action against Dewitt C. Jones and Margaret Jones to set aside as fraudulent the deed from her to Dewitt C. Jones, and the deed from the latter to Margaret Jones. The summons, complaint, and notice of pendency were filed on December 13, 1893. The defendants therein appeared, and answered separately. The case was tried, and judgment rendered in favor of the plaintiff therein, setting aside those deeds. This judgment was entered July 1, 1898, and under it the plaintiff therein was afterwards put into possession of the premises. At the time of the filing of the notice of pendency, the defendant, Riley, was county clerk of Rensselaer county. The notice was entitled "Eva M. Southwick agst. Dewitt C. Jones and Margaret Jones, His Wife." It described the two deeds, and at the foot of the notice there was a direction, subscribed by the plaintiff's attorneys, "Index against all defendants." The notice was recorded in the proper book. The entry upon the index, as against the defendants therein, was as follows: "Jones, Dewitt C., & Wf." There was no index against the name Margaret Jones. The entry upon the index was in fact made on the morning of December 14th by Mr. Greenman, the deputy county clerk. Mr. Riley was absent from the county clerk's office on the 13th and 14th. Margaret Jones is insolvent. Lobdell died in March, 1897. At the

close of the evidence the court held that there was no index against Margaret Jones; that the defendant was liable for the neglect of his deputy; that the fact, if true, that the clerk, Van Alstyne, who made the search upon which Lobdell acted, might, by the exercise of proper care and diligence, have discovered the error of his predecessor, would not relieve the defendant; and that, upon the undisputed facts, the plaintiff was entitled to recover the amount of his loss, being the amount of the mortgage.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

William J. Roche (H. D. Bailey, of counsel), for appellant.
Joseph C. Behan (John H. Peck, of counsel), for respondent.

MERWIN, J. The notice of pendency in question was filed in pursuance of the provisions of section 1670 of the Code. The effect of such notice is provided for by section 1671. That states that from the time of so filing the notice the pendency of the action is constructive notice to a purchaser or incumbrancer of the property affected thereby, from or against a defendant, with respect to whom the notice is directed to be indexed as prescribed in the following section, and that a person whose conveyance or incumbrance is subsequently executed or recorded is bound by all proceedings taken in the action, after the filing of the notice, to the same extent as if he was a party to the action. By section 1672 it is provided that the county clerk with whom such notice is filed must immediately record it in a book kept in his office for that purpose, and index it to the name of each defendant specified in a direction appended at the foot of the notice, and subscribed by the attorney for the plaintiff. Under these provisions it would seem that the notice of pendency became operative in favor of the plaintiff in the action from the time it was filed, without reference to whether the clerk performed his duty to index (Insurance Co. v. Dake, 87 N. Y. 257; Bedford v. Tupper, 30 Hun, 175); and, if so, the subsequent mortgage was destroyed by the judgment. The loss in this way to the plaintiff or his testator is hardly disputed. The question, then, arises whether the defendant is liable for the loss. The duty imposed by section 1672 upon the defendant, as county clerk, was not performed. The notice was not indexed against the name of "Margaret Jones." As a result of this failure, the clerk, Van Alstyne, did not find and enter upon the search, upon which Lobdell acted, the pendency of the action to set aside the deed to Margaret Jones. The loss to Lobdell was the natural result of the fault of the defendant. It is, however, claimed by the defendant that the trial court erred in holding that he was liable for the acts or omissions of his deputy. The duty to be performed was ministerial, and was in the ordinary course of business in the office. In such a case liability attached to the defendant for the act or omission of his deputy. 2 Shear. & R. Neg. (5th Ed.) § 590; Welddes v. Edsell, 2 McLean, 366, Fed. Cas. No. 17,375; McNutt v. Livingston, 7 Smedes & M. 641. The case of Van Schaick v. Sigel, 58 How. Prac. 211, affirmed in 60 How. Prac. 122, is in the same direction, though based somewhat on the provisions of a special statute. The general statute, which authorizes the county clerk to appoint a deputy, also provides that

the deputy holds his position during the pleasure of the clerk. Section 162, County Law (chapter 686, Laws 1892). The trial court did. not, we think, err in treating the act or omission of the deputy as the act or omission of the clerk.

But the defendant says that he owed no duty to the subsequent mortgagee for the nonperformance of which the plaintiff, as the representative of the mortgagee, has a cause of action against him. "It is the established rule in this state that when an individual sustains an injury by misfeasance or nonfeasance of a public officer, who acts contrary to, or omits to act in accordance with, his duty, an action lies against such officer in behalf of the party injured." Bryant v. Town of Randolph, 133 N. Y. 70, 75, 30 N. E. 657. If a public officer, charged with the performance of ministerial duties, fails to discharge those duties with reasonable skill and care, he is liable for the damages resulting from such failure to one specially interested in the discharge of such duties. Olmsted v. Dennis, 77 N. Y. 378. Within these principles, I see no good reason why there is not a basis for liability against the defendant.

The defendant asked to go to the jury on the question whether there was any negligence or want of care upon the part of plaintiff's testator which contributed to the result. Mr. Lobdell, before taking the mortgage, required a county clerk's search to be obtained. It was obtained, and exhibited to him. It was an official search, and showed that there was no incumbrance or defect in the title. The mortgagor was in possession. The mortgagee was not called upon to make further investigation. He had a right to rely upon the search, in the absence of actual notice of the pendency of the action. No such notice appears, but rather to the contrary.

But it is said that the clerk, Van Alstyne, was negligent in not discovering the defendant's mistake, and that the plaintiff's testator was chargeable with such negligence. I doubt the latter proposition, but, assuming it to be true, Van Alstyne had a right to believe that his predecessor had done his duty. He had a right to believe that the letters "Wf." did not mean or refer to the grantee, Margaret Jones, in the deed which was on record from Dewitt C. Jones prior to the filing of the notice. It does not appear that in that deed there is anything that indicates that the grantee is the wife of the grantor.

No good reason is apparent for charging Lobdell with the knowledge that the mortgagor had of the pending suit.

The limit of two years in the search undoubtedly was understood to refer only to mechanics' liens, and the point that notices of pendency were to be looked for for only two years is not well taken. They were, in fact, looked for for a period prior to the one in question.

We find no reversible errors in rulings upon evidence or in refusing requests to go to the jury.

Judgment affirmed, with costs. All concur.