ISADOR SPECTOR, Plaintiff, *v.* HYMAN HALLAN, CHARLES J. HALLAN, JACOB J. FRIEDMAN and MICHAEL J. MCENENY, Defendants, and MICHAEL J. FAHEY, Impleaded Defendant.*

City Court of New York, New York County, April 20, 1939.

*Aaron Rosenstreich,* for the defendants Hyman Hallan and Charles Hallan.

*Arnstein, Schwartz & Arnstein,* for the impleaded defendant.

COLEMAN, J.   This is a suit by a tenant who claims to have been dispossessed under a warrant in a summary dispossess proceeding issued out of the Municipal Court of the City of New York, notwithstanding the fact that the decision in that proceeding was in his favor.

The action is against Hyman Hallan and Charles J. Hallan, owner and agent respectively of the premises from which plaintiff was evicted, and against two city marshals who executed the

*Affd., 173 Misc. 418.

warrant or assisted in the eviction. Upon application of the Hallans, and upon consent of the plaintiff, but without notice to Fahey, the clerk of the Municipal Court entered an order impleading the latter so that the Hallans might assert a cross-claim against him. The motion now under consideration is one by Fahey to vacate that order.

The cross-claim is predicated upon the following alleged facts: One of the defendant city marshals was told by Fahey at the court after the summary dispossess proceeding had been submitted to the court for decision that a final order had been granted in favor of the landlord. This information was erroneous, for the court's decision was in favor of the tenant. Nevertheless, relying upon the information given by Fahey, the Hallans or one of the defendant marshals on their behalf applied to Fahey for a warrant of eviction, which Fahey issued, and which was thereupon executed, the tenant and his family, with their belongings, being forcibly removed from the apartment which they occupied.

The defendants Hallan contend that since Fahey misled them about the judge's decision and negligently issued a warrant of eviction upon their application, he is liable over to them for the amount of any recovery against them by the wrongfully evicted tenant. Unless there is such liability over, " either through indemnity or contribution or otherwise," there was no ground for impleading Fahey, even though he may be a joint tort feasor subject to contribution under section 211-a of the Civil Practice Act. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305, 307.)

It seems to me that Fahey *prima facie* is " liable over " to the landlord and his agent, who suffered damage, when, relying upon his official representation as to the outcome of the summary proceedings, they caused a void warrant to be executed. In issuing the warrant, which he signed (Municipal Ct. Code, § 6, subd. 2), Fahey acted contrary to his official duty. The Hallans were justified in assuming that a final order in their favor had been made, for without it the warrant could not have issued. The signing of the warrant by the clerk was tantamount to — more than that — it in fact was, a representation by him, made in pursuance of his official duties, that a final order in favor of the landlord had been entered. If a court clerk or an official registrar negligently certifies that real property is unincumbered, when in fact a prior mortgage has been recorded, he is liable for damage suffered by one who deals with the property in reliance upon the certification. (Cf. *Van Schaick* v. *Sigel*, 58 How. Pr. 211; affd., 60 id. 122.) The conduct of this court clerk is analogous. By his conduct in issuing the warrant, which on its face purported to have been based upon a

final order in the landlord's favor, he caused the mischief. He cannot escape the consequences. The rule is stated by Judge EARL in *Olmstead* v. *Dennis* (77 N. Y. 378, 382): " It is not needful in such a case to show that the public officer, charged with the performance of ministerial duties, has acted willfully or maliciously. Such an officer is under constant obligation to discharge the duties of his office with reasonable skill and care; and if he fails in these, and damage ensues to one specially interested in the discharge of such duties, he becomes liable for such damage." Of course, the Hallans had a special interest in the matter of the issuance of the warrant; and it cannot be questioned that they were damaged by its wrongful issuance, or at least that damage will follow if the tenant whom they evicted secures a judgment against them. It will not do to say that they might themselves have searched the records, for, as it was put by Circuit Judge TAFT in *Baltimore & Ohio R. R. Co.* v. *Weedon* (78 Fed. 584), there was no obligation " to stand over the clerk and see that he did his duty." The discussion in *Van Schaick* v. *Sigel* (*supra*, 215) is to the same effect. Indeed, in *Selover* v. *Sheardown* (73 Minn. 393; 76 N. W. 50) a clerk of a court was held liable merely for erroneously informing an attorney for a litigant, without issuing a formal certificate, that a certain judgment had been entered.

The original order should be amended *nunc pro tunc* to allow both Hallans to implead the clerk, and the " supplemental complaint " may be regarded as a " cross-claim " or " cross-complaint," not as an answer. The original notice of motion was made in behalf of both Hallans; the order, by mistake, was entered for one. The motion to vacate that order is denied.