ALFRED T. HARRIOTT *vs.* LEWIS H. PLIMPTON & others.

SAME *vs.* LEWIS H. PLIMPTON.

SAME *vs.* EDWARD H. MORRILL.

SAME *vs.* LEWIS H. PLIMPTON.

Suffolk.   March 18, 19, 1896. — October 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Causing Breach of Marriage Engagement — Conspiracy — Joint Tort — Action — Slander — Privileged Communication — Absence of Express Malice — Trial — Physician — Negligence — Damages — Law and Fact.*

In an action against three persons for causing the breach of an engagement of marriage, if there is no evidence of a conspiracy, or of any such connection between the defendants as could make the act of each the joint acts of all in legal intendment and effect, or of any act which was in fact the joint act of all, the plaintiff does not show a joint tort, and the action cannot be maintained.

If, in an action for slander, the evidence shows that all the occasions upon which the defamatory words were used were conversations relating to the plaintiff's engagement of marriage, or to his connection with a Sunday school, a church, or a society thereof, and under circumstances which justified the defendant in communicating the information given, the absence of express malice is a defence.

Where the words which the evidence at the trial of an action for slander tends to show were spoken are not substantially charged in any count of the declaration, and it sufficiently appears that they were not the wrong charged in either count, evidence of them, assuming that they were not privileged, is admissible, if at all, only for the purpose of showing express malice, and, if the jury find that

there was not such malice, the plaintiff shows no ground of exception to the direction of a verdict for the defendant.

If a physician is employed by A., whose daughter B. is engaged to marry, to examine B. and to report whether he is diseased, and B. is injured by the physician's want of ordinary skill and learning or his want of ordinary care, B. may maintain an action against him; and the fact that the purpose of the examination was information and not medical treatment is immaterial, and the breaking of the marriage engagement in consequence of a wrong diagnosis is not too remote a damage to sustain the action.

Whether a physician, in making a diagnosis, used ordinary skill and care, is a question of fact for the jury, in an action against him for negligence.

FOUR ACTIONS OF TORT. The first was against Lewis H. Plimpton, Edward H. Morrill, and Mary A. Squires, for causing the breach of the plaintiff's engagement of marriage; the second was against Plimpton, who was a physician, for negligence in making an examination of the plaintiff; the third was against Morrill for slander; and the fourth was against Plimpton for slander. The cases were tried together in the Superior Court, before *Corcoran,* J., who directed the jury to return a verdict for the defendants in the first case, and for the defendant in each of the other cases; and the plaintiff alleged exceptions. The facts sufficiently appear in the opinion.

*J. J. Feely,* for the plaintiff.

*H. Cunningham,* for the defendants.

BARKER, J. These actions of tort were tried together. The evidence tended to show that the plaintiff, a jeweller and repairer of watches, and engaged to be married to the daughter of the defendant Morrill, received while at work an accidental injury which required the attention of a physician and the application of remedies to his private parts. The defendant Squires, at whose house he boarded, told the defendant Morrill that the plaintiff had a disease and was not fit to marry, and at Morrill's request made a similar statement to his daughter and family. Morrill took the plaintiff to the office of the defendant Plimpton, who was Morrill's nephew and a physician, and who examined the plaintiff and told him privately that he had gonorrhœa, and repeated the statement to him in the presence of Morrill. The same statement was repeated to Morrill's daughter and family, both by Morrill himself and by Plimpton at Morrill's request, and both Morrill and Plimpton made substantially the same statement to some other persons. The plaintiff's marriage

engagement was broken, and he brought the actions, one of which is against Morrill, Plimpton, and Squires jointly, for causing the breach of the engagement, one against Morrill for slander, one against Plimpton for slander, and the other against Plimpton for negligence in making the examination. At the trial, the jury found specifically that the plaintiff did not have gonorrhœa, and that neither Morrill nor Plimpton was actuated by express malice, and under direction from the presiding justice rendered a verdict against the plaintiff in each case.

Considering first the suit in which the three defendants are joined, there was no evidence of a conspiracy, and no evidence that the defendants Plimpton and Squires joined with each other in doing any of the acts which the evidence tended to prove. The wrong charged is not like a trespass or assault, in which all are principals, but one which "must be the joint act of all the defendants, either in fact, or in legal intendment and effect," or the plaintiff cannot recover. *Parsons* v. *Winchell*, 5 Cush. 592. *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487, 490. There having been no conspiracy and no such connection between the three defendants as could make the acts of each the joint acts of all in legal intendment and effect, and no act which was in fact the joint act of all, the plaintiff did not show a joint tort, and it was rightly ruled that the action could not be maintained.

In the action for slander, the verdicts were right. With a possible exception, all the occasions upon which the defamatory words were used were conversations relating to the plaintiff's engagement of marriage, or to his connection with the Sunday School, the Society for Christian Endeavor, or the Church, and under circumstances which justified the defendants in communicating the information given, so that the absence of express malice was a defence. While Plimpton's conversation with Henry F. Winslow is not shown by the bill of exceptions to have been privileged, the bill does not state that the latter was not a member of one of the religious bodies mentioned.*    As-

---

* Winslow's testimony was, in substance, as follows: "Dr. Plimpton is my family physician. Some time in the early part of 1892, I had a conversation with him. It was about the examination of Harriott by Dr. Plimpton. I asked Dr. Plimpton about the stories about Harriott, about his having a

suming, however, in favor of the plaintiff, that there was no privilege upon that occasion, the words which the evidence tended to show were spoken were not substantially charged in any count of the declaration, and it sufficiently appears that they were not the wrong charged in either count. If evidence of them was admissible, it was only for the purpose of showing express malice, and the jury found that there was not such malice.

The verdict in the action for negligence must be set aside. The evidence tended to show that the defendant was employed by Morrill. Having undertaken for compensation to be paid by another to examine the plaintiff, and to report whether he was diseased, the defendant was bound to have the ordinary skill and learning of a physician, and exercise ordinary diligence and care, and if he failed, and the plaintiff was injured because of his want of such skill and learning, or his want of such care, the defendant was answerable to him in damages. See *Gill* v. *Middleton*, 105 Mass. 477, 479 ; *Higgins* v. *McCabe*, 126 Mass. 13 ; *Small* v. *Howard*, 128 Mass. 131 ; *Mallen* v. *Boynton*, 132 Mass. 443. In our opinion, the fact that the purpose of the examination was information, and not medical treatment, is immaterial, and the breaking of the plaintiff's marriage engagement in consequence of the wrong diagnosis was not too remote a damage to sustain the action. Upon the evidence, it was for the jury to say whether the defendant used ordinary care, learning, and diligence.

The result is, that in this action the exceptions are sustained, and in the other three actions the exceptions are overruled.

*So ordered.*

---

bad disorder. I asked him if he had examined him, and he said he had. I asked him if he had it. He said, 'If I told him he had it, he had it.' Before that the doctor asked me where I got my information. I told him from a young man who was intimate with Harriott. Then he said, 'It could not have come from himself.' 'Yes,' I said, 'it did.' I asked him if he found it so, if he did have such a case. He says, 'If I told him he had it, he had it.' "