Belknap, ⟩
June, 1899. ⟨

### EDWARDS *v.* LAMB.

| 69 | 599 |
|----|-----|
| 71 | 533 |

| 69 | 599 |
|-----|-----|
| f74 | 239 |
| 74 | 437 |

A physician is liable for injuries resulting from his negligent assurance that the dressing of a wound was not attended with danger of infection.

CASE, for negligence. The declaration alleged that the defendant, a physician and surgeon, was employed to treat the plaintiff's husband for a wound which became an infectious sore; that the defendant knew the danger to the plaintiff of infection therefrom, but negligently informed her that there was no such danger, and on one occasion directed her to assist in dressing the wound; that she, in justifiable ignorance of the truth and relying upon his assurances, did so assist him, whereby she became infected with septic poison. The defendant demurred.

*Walter S. Peaslee, Martin & Howe,* and *Stone & Shannon,* for the plaintiff.

*William B. Fellows* and *Edward B. S. Sanborn,* for the defendant.

PEASLEE, J. The question presented is not one of breach of contract, and it is not necessary to consider how far the defendant's contractual duties extended. Nor is it necessary to decide whether, in the absence of any statement by the defendant, he would be liable. The case is one of positive action, not merely of failure to act.

The declaration alleges that the defendant informed the plaintiff that there was no danger of infection, and when he did this he voluntarily assumed certain obligations. The fact that his duty, as to her, was merely to advise and not to administer treatment, is immaterial. *Harriott* v. *Plimpton,* 166 Mass. 585, 588. The situation was such that she needed the advice of a physician. This the defendant knew. He knew of her danger and negligently advised her as to it, and she was injured by following his advice. That when he advised her he assumed the obligation to use due care in so doing, is not open to doubt. *Carpenter* v. *Blake,* 75 N. Y. 12, 25.

If the contract to attend the plaintiff's husband were eliminated from the case, the liability would be the same. The gratuitous character of the services rendered to the plaintiff would not excuse the defendant's failure to exercise such care as the circumstances demanded. *Peck* v. *Hutchinson,* 88 Ia. 320, 327;

*McNevins* v. *Lowe*, 40 Ill. 209. On the other hand, if the advice to the wife is treated as a part of the performance of the contract with the husband, the defendant still owed her the non-contractual duty to use care in the performance of such of his services as concerned her personally. *Harriott* v. *Plimpton, supra.*

It is urged that there would have been no danger but for pricks in the plaintiff's fingers, of which the defendant was ignorant. There was danger unless the plaintiff's hands were free from the slightest wounds. It cannot be said, as a matter of law, that a perfect physical condition is so common that the defendant could reasonably rely upon it in giving advice; or that the plaintiff ought, as a reasonable person, to have understood that he was acting upon the assumption that such was the fact.

*Demurrer overruled.*

All concurred.