Coös,
Nov. 6, 1917. }

### JAMES T. CARR & a. *v.* MAINE CENTRAL RAILROAD.

The common law imposes the duty of using ordinary care upon one who gratuitously undertakes to perform a service for another.

A carrier, who having gratuitously undertaken to present to the interstate commerce commission, a shipper's claim for a rebate, negligently or fraudulently fails so to do within the time limiting the claim, is liable to him for the damage occasioned by such failure.

CASE, for negligence. The defendant demurred to the declaration. The court overruled the demurrer and the defendant excepted. The declaration is sufficiently stated in the opinion. Transferred from the April term, 1917, of the superior court by *Branch,* J.

*Horace J. Holden* (by brief and orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes,* for the defendant.

YOUNG, J. The defendant bases its demurrer on (1), the nature of the plaintiffs' cause of action, and (2), the character of the agreement they allege it made with them.

The plaintiffs allege in substance that the defendant charged

them more for hauling four cars of pulp wood than they had been accustomed to pay and that when they claimed a rebate, informed them that the rate had been raised by mistake, but that it could not allow their claim unless they obtained the assent of the interstate commerce commission, that if they would send the necessary papers it would undertake to procure the assent of the commission to the allowance of their claim; that they sent the necessary papers and gave them to the defendant but that it, either negligently or fraudulently, failed to act in the matter until after the time within which the commission could give its consent had expired. The fault with which the declaration charges the defendant is its failure to do what the average man would have done, if he had undertaken to procure the assent of the commission to the allowance of the plaintiffs' claim — not its failure to perform a duty imposed on it by the federal statute, entitled "An act to Regulate Commerce." In other words, the plaintiffs allege that they have been damaged by the defendant's failure to perform a duty imposed on it by the common law — not a federal statute. Since this is so, there is no merit in the defendant's contention that the courts of this state have no jurisdiction of the plaintiffs' cause of action.

This also disposes of the defendant's contention that the plaintiffs cannot recover because the agreement they allege it made is one that it could not legally make and that it had no consideration to support it, for, as has already appeared, their declaration sounds in tort. In other words, they are not seeking to enforce the agreement they allege the defendant made, but to recover the damages they sustained because of its fraudulent or negligent failure to do what the average man would have done, if he had undertaken to procure the assent of the commission to the allowance of their claim.

In short, the office of the allegation that the defendant agreed to procure the assent of the commission is not to set forth the foundation on which the plaintiffs rest their cause of action, but to show how they came to rely on it to procure the assent of the commission to the allowance of their claim.

The question, therefore, and the only question of law raised by the defendant's exception, is whether the common law imposes the duty of using average care on those who undertake to perform a service for others. The common law imposes that duty on every member of the community for the benefit of all those with whom he comes in contact regardless of whether he is, or is not to be compensated for his services. *Coggs* v. *Bernard,* 2 Ld. Raym. 909; *Edwards* v. *Lamb,* 69 N. H. 599.

It follows that, if the defendant accepted the papers evidencing the plaintiffs' claim for the purpose of forwarding them to the commission, it then and there became its duty to do what the average man would do in that situation. *Pittsfield &c. Mfg. Co.* v. *Company,* 71 N. H. 522, 533. In other words, notwithstanding the defendant owed the plaintiffs no duty in respect to procuring the assent of the commission to the allowance of their claim, still, when it undertook to perform that service for them, the law then and at that instant imposed on it the duty of doing what the average man would do in that situation; and it is no answer to an action to recover damages caused by its failure to perform that duty, to show that it was not to be paid for what it undertook to do. *Coggs* v. *Bernard, supra.*

If, therefore, the plaintiffs show that the defendant accepted the papers evidencing their claim for the purpose of forwarding them to the commission and then did or omitted to do something the average man would not have done or omitted, they can recover all the damage they sustained as the result of such failure, provided no fault of theirs contributed to produce their loss.

                                        *Exception overruled.*

All concurred.