Strafford,  }
Nov. 3, 1925. }

### CHRISTIANA E. WESTON v. LESLIE R. BROWN.

One who acts in reliance upon a false representation made for the purpose of inducing him to vary his line of conduct may recover any damages which he sustains if the statement was fraudulent or if it was negligently made.

Conduct is legally wrongful when it contravenes some duty which the law attaches to the relation between the parties.

CASE, for false representations relating to the purchase and sale of a farm. Trial by jury and verdict for the plaintiff. The jury was instructed that "a person who acts upon a false representation made for the purpose of inducing him to vary his line of conduct may recover any damage he sustains if the statement was fraudulent, or if it was negligently made." Transferred by *Young*, J., on the defendant's exception "to those portions of the charge which named negligence as a separate cause of action."

*Snow & Cooper (Mr. Cooper* orally), for the plaintiff.

*F. Clyde Keefe* (by brief and orally), for the defendant.

MARBLE, J. The sole question presented is whether or not an action can be maintained for negligent misrepresentation. This question was answered affirmatively in the case of *Cunningham* v. *Company*, 74 N. H. 435, and a further review of the authorities on the subject would appear to be unnecessary. But it is urged that the Cunningham case was an action for personal injuries, and is therefore distinguishable from the case at hand. Once granting, however, that damage has resulted from reasonable reliance upon a negligent misstatement, it is difficult to perceive why liability should be made to depend upon the nature of the injury sustained. Bodily harm was not an element of damage in the case of *Maxwell Ice Co.* v. *Company*, 80 N. H. 236, and recovery was there allowed for negligent and false representations with respect to a sale.

In this jurisdiction the principle is well established that negligent words as well as negligent deeds may constitute actionable fault. *Benoit* v. *Perkins*, 79 N. H. 11, 13, and cases cited. The determining factor is the same in each case — the relation of the parties. *Garland* v. *Railroad*, 76 N. H. 556, 565. Conduct becomes wrong-

ful when it contravenes some duty which the law attaches to that relation. See *Conway Bank* v. *Pease*, 76 N. H. 319, 324.

The exception is overruled.

*Judgment for the plaintiff.*

SNOW, J., did not sit: the others concurred.