Grafton,
Dec. 2, 1941.} No. 3255.

HENRY W. BUSKEY

*v.*

NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

*Richard F. Upton, John F. Cronin* and *Robert W. Upton* (*Mr. Richard F. Upton* orally), for the plaintiff.

*Demond, Sulloway, Piper & Jones (Mr. Piper* orally), for the defendant.

BRANCH, J.   The case of *Barrett* v. *Company*, 80 N. H. 354, undoubtedly furnished the basis for the ruling of the trial court, and the plaintiff in his brief and oral argument indicates his perception of the fact that this case must be overruled or distinguished before he can succeed.   No good reason for overruling that decision has been suggested and it is reaffirmed.   The present case, therefore, presents only the question whether the plaintiff's declaration contains allegations to which the decision in the *Barrett* case has no application.

The first count in the plaintiff's declaration contains a simple allegation that the defendant "did carelessly, negligently and unlawfully fail to provide the plaintiff with telephone service."   This count comes clearly within the scope of the decision in the *Barrett* case and the defendant's demurrer thereto was properly sustained.

The distinguishing feature of the second count is the allegation that "the defendant, its agents or servants, did carelessly, negligently and unlawfully sever, cut off, and disconnect all telephone connection and communication between the residence of the plaintiff and the central operating station of said defendant."   This is an allegation that the plaintiff's loss was caused by a misfeasance as distinguished from a mere non-feasance on the part of the defendant.   The plaintiff thus seeks to raise one of the questions which was not decided in the *Barrett* case.   "Whether the application of the rule to cases of misfeasance, as distinguished from mere non-feasance, as illustrated by the decided cases, can be sustained, is a question not involved in the present instance."   *Barrett* v. *Company*, 80 N. H. 354, 360.   We do not think that the plaintiff's case is helped by the attempted distinction between misfeasance and non-feasance.   Whatever may have been its importance in former times when the law of negligence was in its infancy, (see Bohlen: The Basis of Affirmative Obligations in the Law of Torts, 53 U. of P. Law Review, 209, reprinted in Bohlen: Studies in the Law of Torts, 33) in that law as here and now understood, the distinction is believed to be without significance as a test of liability. *Castonguay* v. *Company*, 83 N. H. 1, 6.   The principles laid down in the *Barrett* case are decisive of the second count and the demurrer thereto was properly sustained.

The plaintiff's third count contains an allegation that the defend-

ant "negligently and unlawfully failed to give the plaintiff notice of said disconnection of telephone connection and communication between his said residence and said central operating station of said defendant." Here again the plaintiff seeks to bring his case within an exception stated in the *Barrett* case, as follows: "It is not a case where the defendant's negligent performance of its contract misled or otherwise injured the plaintiff. It is not a case where the plaintiff did or omitted to do any act relying upon the defendant's obligation, or upon the performance thereof. Whether in such cases, or in any of them, there might be a pure tort liability, so that the broader rule of accountability for damage would apply, is a question which is not involved in this case and upon which no opinion is expressed."

More fully stated, the third count alleges that the defendant negligently severed the telephone connection between the plaintiff's house and its central operating station and negligently failed to give plaintiff notice of such disconnection, that as a result, the plaintiff was delayed in notifying the fire department of the outbreak of a fire and his property was thereby destroyed.

The defendant clearly contracted with the plaintiff to furnish him with the usual telephone service. It may be conceded that this contract involved a duty like that recognized in *Douglas* v. *Company*, 81 N. H. 371, to use due care in doing what its contract bound it to do. "That obligation is ordinarily imposed by law upon all who undertake a service." *Douglas* v. *Company, supra*, 375. The obligation to use due care thus became an implied term of the contract between the parties. *Deming* v. *Railroad*, 48 N. H. 455, 465; *Hutt* v. *Hickey*, 67 N. H. 411, 416. ". . . the promise might have been stated as a promise by the defendant to do his duty in that behalf." *Parke*, J., in *Streeter* v. *Horlock*, 1 Bing. 34, quoted in *Deming* v. *Railroad, supra*. If it be assumed that due care required that notice of the approaching interruption of service be given to the plaintiff, and if the lack of notice caused an otherwise preventable loss of the plaintiff's property, there is no disguising the fact that the plaintiff thus seeks to recover special damages growing out of a breach of contract by the defendant. The *Barrett* case decided that this cannot be done.

This conclusion is not inconsistent in effect with the case of *Carr* v. *Railroad*, 78 N. H. 502, on which the plaintiff relies. The plaintiff was there permitted to recover damages which must have been within the contemplation of the parties as the only possible result of

the defendant's failure to procure the consent of the commission to the allowance of the plaintiff's claim. In other words, that was a case where the contract rule of damages which was applied in the *Barrett* case permitted a recovery. The same is true of the case of *Douglas* v. *Company, supra.* The statement in the *Carr* case that "their declaration sounds in tort" may be disregarded as erroneous and unnecessary to the decision of that case. The above-quoted statement was made as an answer to the contention of the defendant that there was no consideration to support its agreement to procure the consent of the commission. The consideration for the defendant's undertaking was obviously the plaintiff's forbearance of such action as he might have taken to enforce his claim. The result of the *Carr* case is clearly right.

It follows that the defendant's demurrer to all counts of the plaintiff's declaration was properly sustained, and the order, therefore, is

*Exceptions overruled.*

ALLEN, C. J., was absent: the others concurred.