### Gregory v. Bryan-Hunt Co. et al.

Oct. 5, 1943.

W. E. Begley and Chenault Huguely for appellant.

Harry B. Miller and Henry Jackson for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant, who was the plaintiff below, brought this action in the Boyle circuit court against appellees, Bryan-Hunt Company, Inc., James A. Sorrell and Charles Perkins, manager and assistant manager, respectively, of appellee corporation, and Guy W. Maupin, an officer of the city of Lexington, Kentucky, seeking to recover damages for violation of plaintiff's right of privacy.

Plaintiff stated in his petition that the Begley Drug Company was a corporation with its office and place of business in the city of Danville, Kentucky, and was engaged in carrying on a general drug business and in connection therewith supplied food and meals to the public generally; that plaintiff was and still is the general manager and principal stockholder of the corporation; that defendant Bryant-Hunt Company is a corporation with its principal office and place of business in the city of Lexington, Fayette county, Kentucky; that James Sorrell was and still is the general manager of defendant corporation; that defendant Charles Perkins was and still is the assistant manager of the corporation, and that Guy Maupin was an officer and resides in the city of Lexington. He further alleged that the Bryan-

Hunt Company and its said manager and assistant manager and Guy Maupin, on or about July 20, 1942, acting in behalf of and at the instance of the Bryan-Hunt Company, and acting jointly and severally, one with the other and in co-operation with each other, did wrongfully, illegally, maliciously and without any right or authority to do so, and in violation of plaintiff's "rights and right of privacy," against his will and without his authority, in an oppressive, insulting and boisterous way and manner at a time when plaintiff was in his said place of business in the capacity aforesaid, and when many and divers persons, customers and patrons were in his place of business, came into the store and place of business and brought with them the sheriff of Boyle county, Kentucky, and a local policeman of the city of Danville, and did then and there, in the way and manner aforesaid, assert that the plaintiff and the Begley Drug Company had in their place of business stolen cigarettes which had been stolen from the defendant Bryan-Hunt Company and proceeded to search the store and took therefrom all the stock of cigarettes in the store and placed them upon the counters and forbade plaintiff from selling any cigarettes and took and carried away from their place of business a number of cartons of cigarettes, the property of the plaintiff and the Begley Drug Company, and wholly deprived the Begley Drug Company of its property against the will and consent of the drug company and the plaintiff, thereby causing plaintiff to suffer great and irreparable injury of feelings, humiliation, mental pain and anguish, and that he will continue to suffer unwarranted and unjust publicity and ridicule, thus lowering him in the estimation of his friends, neighbors, acquaintances and customers, by reason of which he has been damaged in the sum of $25,000. He further alleged that the cigarettes taken from the Begley Drug Company by defendants had not been stolen from defendant corporation or any one else and in truth and fact were the property of the Begley Drug Company.

The defendants, having been summoned in Fayette county, Kentucky, entered motion to quash the return on the summons upon the ground that the Bryan-Hunt Company was a corporation with its principal office and place of business in Lexington, Fayette county, Kentucky, and has never maintained an office or place of business in Boyle county, Kentucky, and for that reason

the action should have been brought under section 72 of the Civil Code of Practice. Without waiving the motion defendants also filed a special demurrer based upon the same ground, which motion and demurrer the court overruled. Defendants then filed another special demurrer on the ground that the plaintiff has not the legal capacity to sue or maintain the action and that if the action is maintainable at all it should be instituted in the name of the Begley Drug Company, which demurrer the court sustained, and the plaintiff declining to plead further, the court entered final order dismissing the petition.

The question presented is whether or not the allegations set out in the petition state a cause of action for violation of plaintiff's "right of privacy," or, as aptly stated by various authorities, "the right to be let alone" or, an unlawful interference with his "seclusion." Brents v. Morgan, 221 Ky. 765, 299 S. W. 967, 969, 55 A. L. R. 964; 21 R. C. L., page 1192, 1198 et seq. A right of action for damages for the violation of a person's right of privacy is a comparatively new field of jurisdiction. In 21 R. C. L., page 1196, it is pointed out that the law respecting this right is purely modern. The assertion of the right, so far as reported cases are concerned, seems to have been made for the first time in 1890. But it was not until 1905 that a court of last resort recognized this right and redressed its violation. Prior to 1890 the adjudicated cases both in this country and in England, which might be said to have involved a right of privacy, were not based on the existence of such right, but were founded on a supposed right of property, or a breach of trust or confidence, or the like. In paragraph two, page 1197 of the same authority, it is said that although the reported decisions of courts of last resort in which the right of privacy is involved are not numerous, it is evident that the general trend of judicial opinion is against the view that this is a legal right for the violation of which there is a legal remedy. The majority of the courts have declined to recognize the interference with one's privacy as an injury in a legal sense; that the law cannot undertake to remedy sentimental injury and it is not concerned with the feelings of a person except as the discomfort and suffering are connected with the possession or enjoyment of property. However, in some jurisdictions, including Kentucky, the right of privacy has been recognized and enforced. Brents v. Morgan, supra; Rhodes v. Graham et al., 238

Ky. 225, 37 S. W. (2d) 46; and Trammell v. Citizens News Co., Inc. 285 Ky. 529, 148 S. W. (2d) 708.

It is apparent that such right of action is restricted to matters peculiarly personal, private, seclusive, as distinguished from such wrongs as libel, slander, trespass or injury to property, assault, etc., for which there are other legal remedies. While it may be true that a right of action for violation of privacy may incidentally include some of the elements included in the other class of actions mentioned above, yet there is a line of distinction, though close in some instances, which must be kept in mind. As was said in the Kentucky case of Brents v. Morgan, supra, the "right of privacy" or "right to be let alone" has not been concretely defined and probably is not subject to concrete definition. It depends upon the facts and circumstances peculiar to each case. In no event, however, was such right ever intended as a substitute or alternative remedy for the invasion or violation of rights for which other known and established remedies are available.

Plaintiff bases his alleged cause of action upon the fact that defendants entered the drug store or place of business of the Begley Drug Company and asserted that the plaintiff and the drug company had therein stolen cigarettes which had been stolen from the Bryan-Hunt Company and proceeded to search the store and take therefrom cigarettes which belonged to the plaintiff and the drug company. It is elementary that title to the property of a corporation is in the corporation itself, not in its employees or stockholders, and hence the Begley Drug Company only could sue for any wrong committed against its property or for damages resulting to its business. The law affords no such right of action to a stockholder or employee of a corporation. It follows, therefore, that plaintiff has no right of action against appellants for any wrong committed against the property or business of the corporation. This rule of law is too well known to the legal profession to require citation of authority.

With respect to the allegation that plaintiff and the Begley Drug Company had stolen cigarettes in the store, without stating that plaintiff had stolen the cigarettes or knowingly possessed stolen cigarettes, we do not think such language could be construed as a charge or accusation against plaintiff that he had either stolen the cigar-

ettes or knowingly possessed stolen cigarettes. A person may have stolen property in his possession without having stolen it himself or knowing that it had been stolen. His possession might be in good faith and without any criminal intent. Furthermore, if such language should be construed to mean that plaintiff had stolen the cigarettes, or knowingly possessed stolen cigarettes, yet his remedy or cause of action if any would be for slander rather than for violation of his right of privacy. In Brents v. Morgan, supra, it is pointed out that there would be no grant of redress for the invasion of privacy by oral publication. Plaintiff also alleged that the charges publicly made against him by defendants to the effect that he and the drug company had in their place of business stolen cigarettes, and the search of the store and the taking of the cigarettes therefrom, caused him to suffer embarrassment, humiliation, mental pain and anguish, etc. That may be true, but that alone does not give him the right to maintain an action for violation of his right of privacy. If such were the rule, if a charge were made against a person in his presence and in the presence of others that he had committed theft, thereby causing him to suffer humiliation, embarrassment, mental pain and anguish, then the aggrieved person would be permitted to maintain an action for violation of his right of privacy rather than for slander.

After a careful analysis of the allegations of the petition, we conclude that plaintiff stated no cause of action for violation of his right of privacy. All other questions are reserved.

Judgment affirmed.