**Lillian E. SERINO, Plaintiff,**
v.
**DUN & BRADSTREET, INC., Defendant.**
**Civ. A. No. AC–1479.**

United States District Court
D. South Carolina,
Columbia Division.
May 3, 1967.

Marchant, Bristow & Bates, Columbia, S. C., for plaintiff.

Boyd, Bruton, Knowlton & Tate, Columbia, S. C., for defendant.

## ORDER

SIMONS, District Judge.

Lillian E. Serino commenced this action in the Court of Common Pleas for Richland County, South Carolina, seeking actual and punitive damages in the sum of $100,000.00. Defendant Dun & Bradstreet, Inc., thereupon removed to this court on the basis of diversity of citizenship and the requisite amount in controversy.

Plaintiff's claim is based upon the following facts. Defendant, a mercantile or credit reporting agency, issued reports to its subscribers in the usual course of its business that plaintiff was a partner with her son in a business known as Appliance Distributing Company. Defendant's reports were based upon oral representations by plaintiff's son that she was a partner, and two written statements acknowledging her partnership bearing the apparent signature of the plaintiff, but later testified to as false. As a result of defendant's representations to her son's creditors, plaintiff allegedly incurred attorneys' fees in successfully defending herself from the claims of such business creditors and an alleged loss of a loan of $25,000 which she made to the business. Plaintiff, of course, denied that she was ever a partner. Plaintiff thereupon brought this suit on two causes of action; one alleging negligent publication of erroneous credit information about her, and a second alleging an invasion of her privacy. She sought both actual and punitive damages.

Upon trial the court directed a verdict against plaintiff as to the second cause of action, based upon invasion of privacy,[1] and as to punitive damages in the first cause, submitting to the jury the issue of actual damages in the first cause of action based upon negligent publication by defendant of false and erroneous information concerning plaintiff to its contract customers in various of its credit reports.

In its answer, and during the trial, defendant asserted the defense of qualified privilege and requested the court to charge the jury that plaintiff must prove actual malice on the part of defendant in making the publications since the communications were privileged under the circumstances subject to this qualification. This request to charge was refused. The jury returned a verdict for the plaintiff for $20,000 actual damages, and defendant has moved for judgment notwithstanding the verdict, or in the alternative for a new trial.

Counsel for both parties have submitted memoranda on the points involved

---

1. See Lewis v. Physicians & Dentists Credit Bureau, 27 Wash.2d 267, 177 P. 2d 896 (1947); Gregory v. Bray-Hunt Co., 295 Ky. 345, 174 S.W.2d 510 (1943); Davis v. General Finance & Thrift Corp., 80 Ga.App. 708, 57 S.E.2d 225 (1950).

and have also argued the issues orally. Defendant's motion for a new trial is denied conditionally pursuant to Rule 50 (c) (1) of the Federal Rules of Civil Procedure, and for the reasons as stated after oral argument by the court. Nevertheless, after careful study I have determined that defendant's motion for judgment notwithstanding the verdict should be granted, since I have concluded that the communications by defendant to its subscribers concerning plaintiff were privileged under the circumstances, even though plaintiff's claim for relief is based upon negligent publication of false information about her, and regardless of the fact that there was no contractual relationship between plaintiff and defendant.

■■ Defendant initially raises the question of whether there is a cause of action for damages as alleged in the complaint; and it is conceded generally that there is no liability for negligent misstatements. Dale System, Inc. v. General Teleradio, Inc., 105 F.Supp. 745 (S.D.N.Y.1952); Ultramares Corp. v. Touche, 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139 (1931). Extensive research by counsel and independent research by the court have failed to disclose any case sufficiently close to the facts of this case as to constitute precedent that there is, or is not such a cause of action. However, courts have on occasion permitted causes of action where there is some duty to act with care toward a plaintiff, and I am inclined to hold that in this case the defendant, reporting on the plaintiff, had some duty toward her to act with care. See Edwards v. Lamb, 69 N.H. 599, 45 A. 480, 50 L.R.A. 160 (1899); Harriott v. Plimpton, 166 Mass. 585, 44 N.E. 992 (1896); International Products Co. v. Erie R. R. Co., 244 N.Y. 331, 155 N.E. 662, 56 A.L.R. 1377 (1927); Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275, 23 A.L.R. 1425 (1922); Cestone v. Harkavy, 243 App.Div. 732, 277 N.Y.S. 438 (2d Dept. 1938); Laudie v. Western Union Tel. Co., 126 N.C. 431, 35 S.E. 810 (1900); Hoover v. Williamson, 236 Md. 250, 203 A.2d 861 (1964); Houston v. Thornton, 122 N.C. 365, 29 S.E. 827

(1898); Weston v. Brown, 82 N.H. 157, 131 A. 141 (1925); Craig v. Everett M. Brooks Co., 222 N.E.2d 752 (Mass.1967). See also Note, Liability from Misstatements by Credit-Rating Agencies, 43 Va. L.Rev. 561 (1957).

■■ In the case at bar defendant knew that its reports about plaintiff would probably be acted upon by some of its subscribers in matters of importance; and it should have reasonably foreseen that plaintiff would likely suffer financial loss or damage if defendant published false or erroneous information asserting that she was a partner in her son's business. Even though there was no privity or contractual relationship between plaintiff and defendant, nevertheless, when the latter undertook to publish credit information about her, it was encumbent upon it to exercise due care in obtaining and publishing credit information about her, and justice demands the imposition of liability for damages resulting proximately from its negligent breach of such duty. Indeed, the rationale of Justice Cardozo's decision in *Shepard*, supra, is that in order for a plaintiff to recover, he must show, in addition to the careless use of words, some obligation toward plaintiff, which can be stated in terms of contract or of duty. Under the circumstances of our case, such obligation existed in favor of plaintiff on part of defendant. For the foregoing reasons I conclude that plaintiff's complaint states a cause of action upon which relief may be granted.

The defendant also asserts that the court erred in striking the defense of qualified privilege at the conclusion of the trial and in refusing to charge such defense to the jury.

■■ Under the defense of qualified privilege, if the defendant is a bona fide mercantile agency and makes a communication in good faith to persons having a legitimate interest in the subject matter, there is no cause of action based upon such communication, and the plaintiff, in order to recover, must prove actual malice on the defendant's part. Cullum v. Dun

& Bradstreet, Inc., 228 S.C. 384, 90 S.E. 2d 370 (1955); H. E. Crawford Co. v. Dun & Bradstreet, Inc., 241 F.2d 387 (4th Cir. 1957).

 Although both of the above cases involved an action for defamation and no case has been found applying the defense of qualified privilege to a negligence action, all of the policy reasons giving rise to the defense of qualified privilege in a defamation action are equally applicable to a negligence action. It would be anomalous if a mercantile agency could defame a plaintiff with impunity (absent actual malice), yet be liable for a negligent misstatement. As indicated by Cullum v. Dun & Bradstreet, Inc., supra, there is a strong public policy giving rise to the privilege in the interest of society as a whole in availability of credit information. Furthermore, the language of that case does not limit the privilege to defamation actions and implies the existence of the privilege for any communication.

Accordingly, I hold that I erred in striking the defense of qualified privilege and in not submitting such defense to the jury.

Since the defense was not stricken until the close of the case, it may be assumed that plaintiff presented her case on the theory that such defense was available to defendant and would be charged. If plaintiff had any evidence of actual malice, she had the opportunity to present it. But the evidence as presented did not make a jury issue as to the question of actual malice, and in fact plaintiff's counsel conceded in oral argument that he had no evidence of actual malice. As far as defendant is concerned, its evidence, uncontradicted by plaintiff, established as a matter of law that it was a mercantile agency which sent the reports under such circumstances that it was entitled to the privilege.

If plaintiff's counsel had indicated that he had evidence of actual malice, I would order a new trial; but under the circumstances I must hold as a matter of law that the defense of qualified privilege was a good one and that defendant has sustained its burden of proving such defense as a matter of law. Accordingly, it is

Ordered, adjudged and decreed that defendant's motion for a judgment notwithstanding the verdict, be and the same hereby is, granted; and that judgment be entered in favor of defendant.

And it is so ordered.