Bertha WHEELER, Appellant,

v.

P. SORENSEN MANUFACTURING COM-
PANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

May 26, 1967.

Robert T. Schneider, Horse Cave, for appellant.

Louie B. Nunn, Joe L. Travis, Nunn & Travis, Glasgow, for appellees.

J. L. HAYS, Special Commissioner.

Appellant filed a complaint which, in essence, alleged that on or about December 11, 1963, agents, employees, or servants of appellees, and in particular, one Harold Matthews, while acting within the course and scope of their employment and under the direction and supervision of appellees, distributed and handed out to all or a great majority of the other employees a large, printed sheet. It was a photograph of a part of her pay check for two different weeks, and disclosed the number of hours she worked, her gross wages, the deductions and her "take home" pay. This printed sheet also contained the following:

"In 1 year, 4 months and 1 week this employee received an increase of 20¢ per hour or $8.00 per week.

### IS THIS SO BAD?

Would you get this amount of increase in this short period of time with a union?

### ASK FRANK CRAIN!

E Town Time Corp. signed a 3 year contract with the I. U. E. in March 1963 for 5¢ per hour each year. Minus $4.00 per month for union dues.

### THESE ARE TRUE FACTS"

Also printed on it were the words: "NO DUES NO STRIKES NO VIOLENCE NO LOSS OF WAGES NO PICKET LINES NO UNION".

At that time appellant was an employee of appellee and in the weeks prior thereto a union, namely, IUE-Sorensen Organizing Committee, had been attempting to organize the employees. During the period of time the appellees and union waged a campaign to solicit the vote of the employees and to show the advantages and disadvantages pro and con on the subject.

Appellant further alleged that she held a reasonably good job and was able to transact her business affairs and live her life without undue molestation or interference, and then the sheet referred to was passed out to other employees and it fell into the hands of members of the general public as well.

She claimed that the published sheet which disclosed the amount of her wages, and which, in instances, were more than other employees of the appellees caused many employees to act adversely toward her; and publication and distribution of the paper, as an advertisement for the appellees in the campaign, inclined many of her fellow employees to believe she was actively working upon behalf of appellees in the campaign, when, in fact, she was trying not to become embroiled in the controversy and to merely work and earn a living. She said that the action of the appellees made her work uncomfortable and unpleas-

ant and she was made an object of controversy in the dispute.

She contended that soon afterwards she was summarily dismissed as an employee, and as a result of the sheets having fallen into the hands of the general public she was blacklisted with other employers having like or similar positions of employment, that she has been unable to obtain such employment in the general area of her residence, Glasgow, Kentucky.

Appellant further alleged that the use of her name and wage statement, coupled with the advertisement, was unlawful and entirely without her knowledge or consent, and its unwarranted and authorized use by appellees violated her right to privacy, and seriously jeopardized her ability to work and earn money; and her right to live peaceably and quietly has been violated and by reason of such use she has sustained and will continue to sustain intense mental suffering and distress to her damage in the sum of Fifty Thousand Dollars.

Appellees then moved the court to dismiss the complaint on the ground that the court was without jurisdiction to entertain an action based on the foregoing allegations and that it failed to state a cause of action or sufficient grounds upon which relief could be granted.

Subsequently, the court entered an order dismissing the complaint on the ground that the National Labor Relations Board has preempted the jurisdiction of the court to entertain an action to recover damages for invasion of right of privacy arising out of tactics employed in an union organization campaign as alleged in the complaint, and on the further ground that the complaint did not state facts upon which relief could be granted.

Two questions are presented for determination on this appeal: First, is there a violation of an employee's right of privacy for an employer, without permission, to publish and distribute to its employees a printed sheet showing the wages and deductions of an employee as an election tactic during an organizational campaign by a labor union? Second, has the National Labor Relations Act preempted the jurisdiction of the state courts to entertain an action of the state courts to entertain an action for damages for invasion of right of privacy as alleged in this case?

As to the first question, it may be observed that while the doctrine of the right of privacy seems well established in this jurisdiction, the cases are not numerous. We do not find, nor have we been cited, any cases directly in point, either foreign or domestic. The doctrine is based on the right of the individual to be left alone, to be free from unwarranted interference by the public or individuals in matters with which they are not necessarily concerned. The action sounds in tort and when authorized is primarily to recover for a hurt to the feelings of the individual. When there is an actionable invasion of one's right of privacy, the truthfulness of the matter disclosed is no defense to the action, nor is malice a necessary ingredient. In this respect, the action differs from the right based on libel or slander.

In our leading case on the subject, Brents v. Morgan, 221 Ky. 765, 299 S.W. 967, 55 A.L.R. 964 (1927), Judge Logan defined the right of privacy:

"* * * it is generally recognized as the right to be let alone, that is, the right of a person to be free from unwarranted publicity, or the right to live without unwarranted interference by the public about matters with which the public is not necessarily concerned." The text bears out this statement of the rule. In Restatement of the Law, Torts, § 867, p. 398, the actionable invasion is referred to as: "A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other." It is defined in 41 Am.Jur., Privacy, § 2, p. 925

as: "* * * the right of a person to be free from unwarranted publicity, and as the right to live without unwarranted interference by the public in matters with which the public is not necessarily concerned." In 41 Am.Jur. Privacy, § 12, p. 934 the text says: "The right of privacy is relative to the customs of the time and place, and it is determined by the norm of the ordinary man."

Brents v. Morgan was the first Kentucky decision to give a detailed consideration of the right of privacy. It also sets out a workable doctrine on the right of privacy, and although the principle is not precisely defined, there is a clearer understanding of the right of privacy expressed in the case and limitations set forth. Later cases in general have approved the limitations, one of which involved matters of public or general interest.

It must be observed, however, that the right is not absolute. The rule defining the extent of the right is based on the premise that the standards by which the act is judged are that of a reasonable man. As stated in Brents v. Morgan, the right of privacy is relative to the customs of the time and place, and it is determined by the norm of the ordinary man. Voneye v. Turner, Ky., 240 S.W.2d 588. (41 Am. Jur. Privacy Section 12, p. 934.)

Many of the invasions of the right of privacy for which recovery has been sought are the result of unwarranted and humiliating methods put in motion by creditors to collect debts, or the unwarranted publications or use of the names or pictures to promote various enterprises.

Applying the legal rules and principles as above set out to the facts of the case at bar we are of the opinion that the lower court was correct in holding that the complaint failed to state a cause of action or sufficient grounds upon which relief could be granted. In other words, the invasion of the right of privacy, if any, in this case was reasonable and warranted under the circumstances.

Appellee published the fact that appellant had received a wage increase of 20¢ per hour, or $8.00 per week, in about 16 months employment with appellees, and this was distributed among its employees. The publication and distribution of the sheet was used by appellees as a tactic to prevent its employees from unionizing, or, at least, as a reason why it was not necessary to unionize. It was circulated only among the other employees, but allegedly it fell into the hands of the public also. Apparently the purpose was to show that it was not necessary to unionize in order to receive increased and adequate wages and benefits, which, in our opinion, was not an unwarranted or unreasonable act. The published information was certainly a matter of interest to both the employer and its employees. It did not contain a threat or a coercive word, nor one word of contempt, ridicule, aversion or disgrace. To the contrary, it was evidence of the fact that the appellant was a competent, commendable and praiseworthy employee, entitled to a wage increase without union connection or association.

We do not believe that the publication and distribution of the sheet complained of was so unreasonable or unwarranted as to be actionable. Perry v. Moskins Stores, Inc., Ky., 249 S.W.2d 812; Gregory v. Bryan-Hunt Company, 295 Ky. 345, 174 S.W.2d 510; 17 Ky. Law Journal, pages 85–122; 14 A.L.R.2d 750.

Since this case has been disposed of on other grounds it is unnecessary for us to pass on the remaining issues raised by appellees as a basis for dismissal.

The judgment is affirmed.

All concur.