OPINION OF THE COURT
Herbert Kramer, J.
The City of New York moves to dismiss the complaint of a landlord, seeking damages for rent due, for failure to state a cause of action.
This litigation arose after the plaintiff brought a summary proceeding for the eviction of his tenant, a recipient of public assistance. A warrant issued and 72-hour notice had been served when the landlord received a telephone call from a welfare investigator promising to pay future rent in the form of two-party checks if the landlord agreed to stop the eviction proceedings. The welfare investigator further stated that notice would be given in advance if this arrangement were to terminate. A form letter encompassing this agreement was sent to the landlord. Some six months thereafter, and in the absence of said notice from welfare, the tenant left the premises, owing back rent.
This fact pattern is the source of much litigation in this court. Both parties cite a series of factually similar cases in their papers on both sides of the issue. The latest decision, written by Judge Samuel Greenstein, contains a well-reasoned analysis of the law, concluding that because of *778 controlling appellate authority, no cause of action in contract may be maintained. (Jackson v City of New York, 107 Misc 2d 1052; see Slavin v City of New York, NYLJ, June 10, 1980, p 11, col 4.)
The instant motion is not that easily resolved since plaintiff served a notice of claim under section 50-e of the General Municipal Law upon the city required “[i]n any case founded upon tort”. (General Municipal Law, § 50-i.) Thus, we shall examine the facts as alleged from the perspective of tort law to see whether a cause of action is stated.
A cause of action for negligent misrepresentation will lie against one who negligently makes a false statement to another who sustains injury or loss in reliance thereon, but it is not every casual response or every idle statement, no matter how damaging the results, which will give rise to liability. (65 CJS Negligence, § 20.) “[S]uch information is not actionable unless expressed directly, with knowledge or notice that it will be acted upon, to one to whom the author is bound by some relation of duty, arising out of contract or otherwise, [emphasis ours] to act with care if he acts at all” (White v Guarente, 43 NY2d 356, 363).
The obligation to speak with care depends on “knowledge or its equivalent that the information is desired for a serious purpose; that he to whom it is given intends to rely and act upon it; that if false or erroneous he will because of it be injured in person or property. *** [T]he relationship * * * must be such that in morals and good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care.” (Bivas v State of New York, 97 Misc 2d 524, 527, quoting International Prods. Co. v Erie R. R. Co., 244 NY 331, 338; see, also, Glanzer v Shepard, 233 NY 236; Kurzweg v Hotel St. Regis Corp., 309 F2d 746.)
The existence of the requisite duty under the morals and good conscience standard has been established in actions against governmental units in a variety of contexts. There is a broader duty of care upon a public official than a business or professional person, based not upon any relationship between the official and the plaintiff, but rather *779 upon the official’s public duty to a member of the class for whose benefit the duty is created. (Restatement, Torts 2d, § 522; 1 NY PJI 2d 2:230.) Thus, liability has been imposed upon a court clerk of incorrectly issuing a warrant of dispossess (Spector v Hallan, 173 Misc 416), a county clerk for incorrectly indexing a document (Cole v Vincent, 229 App Div 520), a city for lack of care in issuing a certificate of occupancy (Sexstone v City of Rochester, 32 AD2d 737), and a filing officer who erroneously gives information regarding a security interest (Hudleasco, Inc. v State of New York, 90 Misc 2d 1057).
We recognize that in the cases cited above, the duty to act may be grounded in statute or some other administrative regulation. The statutory framework is created so that the public may be secure in its reliance that public records are kept with due care. Should this be extended or broadened to cover all governmental acts which do not arise by operation of statute?
The Court of Appeals, in the absence of a statute giving rise to a class for whose benefit the duty is created, allowed recovery against a State hospital, holding that once assuming the task of informing the next of kin upon the death of a patient, it must use care to inform the right family. (Johnson v State of New York, 37 NY2d 378.) Similarly, when plaintiff sought advice in choosing a pension plan, the court stated: “When the action is on the contract, defendant may properly insist that the boundaries of its obligation are marked out by the technical terms used * * * Defendant was not required to accept him; it could have suggested he consult his own advisers. Having undertaken to advise, defendant was bound to advise clearly.” (Gediman v Anheuser Busch, 299 F2d 537, 546.)
Businessmen who hold themselves out in the community as possessing unique skills are required to exercise their talents with care when dealing with others who may justifiably rely on their expertise. (First Nat. Bank, Henrietta v Small Business Admin., 429 F2d 280, 287 [misrepresentations of plaintiff to defendant held a complete defense of Small Business Administration under loan guarantee agreement]; see, also, Serino v Dun & Bradstreet, 267 F Supp 396.)
*780 We recognize that we are advancing yet another step in extending the holding that the city may be liable for a negligent misrepresentation where the duty is not grounded in statute or administrative regulation. With the increasing reliance on government in everyday life and a greater intertwining between government and the private sector, there should be no distinction in their duty to refrain from negligent misrepresentation. If any distinction is made, government should be held to a higher duty to promote increased reliance on statements of government, through its officials.
Motion denied.