OPINION OF THE COURT
Samuel Greenstein, J.
The defendant City of New York moves in this motion to dismiss the complaint of the plaintiff in the instant action. Plaintiff landlord has sued the City of New York in this case for the amount of rent unpaid by two different tenants, both welfare recipients.
Previously, at the end of 1979, the plaintiff landlord had apparently commenced summary proceedings against both tenants for nonpayment. These disputes over the payment of rent had been resolved by the beginning of 1980 by promises to the landlord from the Human Resources Administration that all future rent would be paid in the form of two-party checks to the landlord and each of the tenant welfare recipients. These promises had been made to the plaintiff landlord in two separate “form” letters from Human Resources, dated November 29, 1979, and January 3, 1980. The final paragraph in each of the “form” letters included this sentence: “We will notify you prior to terminating this method of payment.”
For a few months, the plaintiff landlord received two-party checks for rent. Thereafter, the Human Resources Administration, without notifying the landlord as agreed, *1053 reinstituted one-party checks for rent. The two tenants failed to pay rent despite the receipt of money for rent from the city, and each precipitously vacated the premises.
The landlord then sued the City of New York for the $1,808 in rent arrears allegedly due and owing by the two tenant welfare recipients, through July 15, 1980. The city has moved to dismiss, disavowing any liability to the landlord for the unpaid rent of any tenant welfare recipients.
The question of the city’s liability in a case where it:
(a) promises to pay the rent of a welfare recipient in the form of a two-party check; and
(b) further promises to inform the landlord prior to any change in the form of payment; and
(c) thereafter changes the form of payment of rent to a one-party check without any notification to the landlord has been litigated before. In Friedman v City of New York, Dept, of Social Servs. (102 Misc 2d 372), a case in which the court was faced with this very situation in a small claims action in Kings County Civil Court, the court found the City of New York liable to the landlord for the unpaid rent of the tenant welfare recipient. It appears from an examination of the court records that this decision was never appealed. In the absence of any higher authority, this court would be strongly inclined to follow Friedman (supra); the court finds the reasoning in that decision persuasive and incisive and personally agrees in the conclusion.
Most reluctantly, however, this court is compelled to follow a contrary holding of the Appellate Term, Second Department, Second and Eleventh Judicial Districts, in another case in which the same fact situation as herein arose. In that case, the city, as here, moved for summary judgment. The Kings County Civil Court denied the motion on the grounds that there were questions of possible estoppel as well as questions of fact justifying a plenary trial. The Appellate Term unanimously reversed and dismissed the complaint, stating that there were no issues of fact warranting a plenary trial (Slavin v City of New York, NYLJ, June 10, 1980, p 11, col 4).
After thorough examination of the papers in Slavin (supra), this court unhappily finds the fact situation in *1054 that case to be legally identical with the fact situation in this case. Accordingly, this court is unfortunately constrained to follow the rule of the Appellate Term in Slavin (supra) and the motion to dismiss is therefore granted. Submit order on notice.