OPINION OF THE COURT
Hirsch, J.
Plaintiff landlord brought this action against defendants City of New York and the Human Resources Administration to recover rents and other moneys allegedly due from two tenants, Rayford and Robertson, who were welfare recipients. Defendants brought the instant motion to. dismiss alleging, quite properly in our opinion, that they did not enter into any contract with plaintiff guaranteeing the payment of the tenants’ rent. Upon the particular facts alleged in the moving and opposing papers, however, the court below concluded that even though plaintiff could not recover against defendants in contract, he might recover against them in tort for negligent misrepresentation.
*419 With regard to tenant Rayford, the papers submitted on the motion disclose that plaintiff obtained a final judgment of possession against her in an earlier nonpayment proceeding and that prior to the execution of the warrant, he received a telephone call from an employee of defendants asking and stating “that if the Welfare Center paid the rent would we permit the tenant to remain living in the apartment and not evict her and that two-party checks would be paid and a notice would be forwarded to me to that effect.” Plaintiff was amenable to this arrangement and defendants sent him a form letter dated February 23, 1979 informing him that beginning in March, they would give tenant Rayford two-party checks which would require her indorsement as well as plaintiff’s and which only plaintiff could deposit. The form letter also indicated that defendants would notify plaintiff prior to their termination of this method of payment and that if he had any questions, he was free to telephone them at a specified number.
The facts, as sparsely asserted by the parties, further indicated that tenant Rayford remained in possession following the commencement of this two-party check arrangement and that plaintiff received all of his rent from her until November, 1979. Subsequently, plaintiff brought the instant action against defendants to recover several months’ rent allegedly due from Rayford during and after the latter month, as well as court fees and painting charges. With regard to the other tenant, Robertson, the moving and opposing papers contained few allegations of fact describing the particular circumstances under which defendants began sending to said tenant the same type of two-party checks, requiring his indorsement as well as plaintiff’s. However, the court below appears to have inferred that said circumstances were similar to those described by plaintiff with regard to tenant Rayford.
Turning to the legal issues raised, we initially note that we find no actionable misrepresentation, negligent or otherwise, in the telephone statements alleged to have been made by defendants’ employee to plaintiff. The arrangement did not preclude the possibility that the tenants might have withheld rental payments from plaintiff, rightly or wrongly, in the future. Thus, the statements of *420 defendants’ employee to the effect that plaintiff would be paid should be considered as falling within the nonactionable realm of “predictions” or “prophecies” concerning something that would occur in futuro (see Burgundy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140, 145-146).
A reading of the form letter sent to plaintiff discloses, moreover, that the information contained therein proved to be essentially correct rather than misrepresented. The letter was sent in February, 1979; the first month for which any rent went unpaid by tenant Rayford was November, 1979, and the first month for which rent went unpaid by tenant Robertson was March, 1980. Thus, it would seem that the semimonthly, two-party check arrangement came into operation and that it worked at least to the extent that plaintiff received the rents due for a substantial number of months.
Although plaintiff alleges on this appeal that defendants eventually ceased issuing two-party checks without giving prior notification, there was no such claim in the papers submitted to the court below. Parenthetically, we note, however, that even if there was a failure to give notification prior to the termination of the two-party check system, such failure would not be the proximate cause of any damage plaintiff may have sustained.
In light of all of the foregoing, defendants’ application to dismiss the complaint should have been granted (see, also, Jackson v City of New York, 107 Misc 2d 1052).
Order unanimously reversed, with $10 costs, motion granted and complaint dismissed.
Pino, P. J., and Buschmann, J., concur.