OPINION OF THE COURT
Ira B. Harkavy, J.
The actions of the Department of Social Services as demonstrated by the instant case are probably the leading factor contributing towards the perpetration of slum housing in New York City. The continuous failure of the Department of Social Services (hereinafter referred to as DSS) to make sure that rent is paid on time and that two-party checks are channelled to the landlord leads to the tenant’s loss of its irreplaceable apartment and in the long run, to the deterioration and abandonment of the property. The final result of the nonpayment of rent is the inability of the landlord to meet its obligation to pay for heat, hot water, building maintenance and real estate taxes. DSS may well believe that they are helping an individual client by encouraging the failure to pay rent. However, in effect, they are causing a quick depletion of the available housing stock to the detriment of all their clients. Despite the contrary views of a small minority of my learned colleagues there is no law that makes it illegal for tenants to pay rent.
This is an action by landlord Esther Marks for breach of contract against the New York City Department of Social Services for failure to pay to the landlord rental arrears on *304 behalf of the tenant, Mildred Hernandez, a public assistance recipient. The landlord alleges that her cause of action arises from compliance with 18 NYCRR 381.3 which is a New York State Department of Social Services regulation that implements section 131-a of the Social Services Law. The issue presented after trial in this proceeding is whether the landlord’s compliance with the regulatory scheme of 18 NYCRR 381.3 creates a cause of action in contract which obligates DSS to pay rent directly to the landlord.
The facts of this action are basically not in dispute. This is an action by landlord as “owner” of the premises at 420 40th Street, Brooklyn, New York, apartment 3R, to recover from the City of New York $194 rent for October, 1982, owed by the tenant, Mildred Hernandez, a recipient of public assistance. The landlord’s written lease agreement for such premises was solely with Mildred Hernandez. Landlord does not claim that either the city or DSS was a party to the lease. Plaintiff’s sole ground for this action is based upon her allegation that DSS had an obligation with her to pay the public assistance recipient’s rent since the landlord was in full compliance with 18 NYCRR 381.3 (d).
The landlord sent a letter to the Income Maintenance Center (IMC) requesting two-party checks and the plaintiff received in response a form letter entitled “Notice to Landlord of Initiation of Two-Party * * * Rent Payments”. On October 20, 1982, the IMC sent to the landlord a form entitled ‘Notice to Landlord: Termination of Two-Party Direct Rent Payment,” informing her that two-party checks will no longer be issued after October, 1982. The landlord alleges that these form letters comprise the written agreement for DSS to be responsible for the payment of rent. Pursuant to said notices, the IMC mailed to the tenant two-party checks from April through October, 1982. In October, 1982, the tenant vacated owing rent. Rather than pay the rent to the landlord, the tenant at the suggestion of her caseworker returned the October checks to the IMC without an indorsement. Subsequently, the IMC canceled the October two-party checks. Landlord seeks an order requiring DSS to pay these checks directly to her.
*305 The pivotal issue is whether the form letter entitled “Notice to Landlord of Initiation of Two-Party * * * Rent Payments” is a binding contract between DSS and the landlord. It is well settled that the city and DSS have no obligation to pay a landlord the rent for a social service recipient’s housing accommodation unless there is privity of contract between the landlord and the city and DSS. (Slavin v City of New York, NYLJ, June 10,1980, p 11, col 4 [App Term, 2d Dept]; Fabro v City of New York Human Resources, NYLJ, Dec. 7, 1977, p 13, col 3 [App Term, 2d Dept]; Harvell v Dumpson, NYLJ, March 27, 1974, p 2, col 2.)
The court must determine whether the correspondence under 18 NYCRR 381.3 (d) is tantamount to a contractual agreement. The form letter contains no words of promise, offer, agreement, undertaking or guarantee. Instead, it is a form “Notice” to the tenant, copy to the landlord “informing” the tenant that her rent checks will be in the form of two-party checks (payable jointly to the social service recipient and the plaintiff). The letter said that the IMG did not intend to pay the landlord directly.
At this juncture when the aim of government agencies is the delivery of the most service for the least cost, we must focus on DSS and its delivery of housing service. The Federal Government implemented the two-party check system to insure payment of rent by recipients of social service (see Pub L 95-171, amdg Social Security Act, § 403, subd [a]; § 406, subd [b]). The idea was to preclude the natural tendency to expend funds on immediate necessities such as food and clothing rather than rent from the limited and inadequate funding received. The failure of DSS to “complete the run” and fumble by failing to see that landlords in fact receive the rent defeats the intended purpose of two-party checks and in so doing helps to perpetuate the cycle of slum housing in New York City.
Reluctantly, however, this court must follow the constraints of the prior case law (supra) and hold that there is no privity between DSS and the landlord and therefore no obligation on the part of DSS to turn over the two-party *306 checks. Judgment for DSS dismissing landlord’s petition without costs.