OPINION OF THE COURT
Ira B. Harkavy, J.
The landlord moves for the release to it of $1,587.75 previously deposited by the tenant with the Finance Administrator on February 9, 1984. Tenant cross-moves for an order to release the funds to her. The Department of Social Services moves for the return of the funds to them.
The nonpayment proceeding herein was commenced by the service of a petition and notice of petition in April, 1983 for rent due from January, 1983. A final judgment was obtained in the sum of $1,013.28 on or about September 21, 1983. After much litigation, by order of this court, tenant deposited $1,587 on February 9, 1984 with the Finance Administrator in order to obtain a stay. The tenant’s appeal of an order of Judge Theodore Diamond dated February 15, 1984 in which he refused to vacate the warrant of eviction was dismissed by the Appellate Term *161 on June 21,1984, for lack of prosecution. In the meantime, the tenant was evicted from the premises on June 19,1984.
In an order dated February 15, 1984, Judge Diamond ordered the money deposited with the Finance Administrator on February 9, 1984 returned to the tenant. However, the Appellate Term, Second Department, by an order dated May 14, 1984 stated “Cross Motion by the landlord for the release of funds on deposit with the court below is denied without prejudice to renewal in the Court below after service of the motion on the Department of Social Service.” The decision of the Appellate Term further states “As to the cross-motion it is the opinion of this court that the Department of Social Services is a necessary party herein and that the court below would be a proper forum for the determination of the rights to the money now on deposit.” This court now has before it the question of the disposal of the funds.
The Department of Social Services claims the funds on deposit stating that the funds on deposit belong to the tenant. Section 104 of the Social Services Law grants the Department of Social Services the right to reclaim funds from a social services recipient who has real or personal property. They claim that the funds on deposit are such personal property. In the event, however, that the court finds that the deposit funds belong to the landlord, the Department of Social Services makes no such claim since there is no privity between the department and the landlord (Slavin v City of New York, NYLJ, June 10,1980, p 11, col 4; Jackson v City of New York, 107 Misc 2d 1052; Marks v City of New York, 121 Misc 2d 303). The court completely agrees with the position of the Department of Social Services. In the event that the tenant is entitled to the refund of the deposit said moneys should be turned over to the Department of Social Services rather than the tenant pursuant to section 104 of the Social Services Law.
From the documents in the file, it appears that the last time tenant paid rent or for use and occupation of the apartment in question was for the month of January, 1983, except that the sum of $500 deposited with the Finance Administrator on June 17, 1983 was turned over to the landlord by order of Judge Wollin on August 16, 1983.
*162 On September 21,1983 the tenant, represented by counsel, stipulated in open court to pay the landlord the rent through September 30, 1983. The payment was calculated to be $1,013.28 (rent due less $238 abatement). The payment was to be made by October 1,1983. The payment was never made. A warrant that was issued based on the final judgment was finally executed on June 19, 1984. The tenant resided in the apartment from June, 1983 through June, 1984 without paying for rent for use and occupation.
The situation has completely changed since the decision of Judge Diamond dated February 15, 1984. At that time the tenant had just deposited the funds in order to obtain a stay until February 15, 1984. Judge Diamond ordered the tenant to vacate immediately and as such ordered the funds just deposited in order to obtain a stay of eviction returned to her. The tenant did not vacate immediately and in fact stayed in the apartment for at least four more months without paying for the use of the apartment. Although Judge Diamond and later the Appellate Term denied tenant a stay, the tenant had a de facto stay. The funds were deposited with the Finance Administrator to obtain a stay. The tenant obtained a stay despite the rulings of the court. As such the ruling of Judge Diamond is moot and is not binding on this court. As ordered by the Appellate Term, the court is determining “the rights to the money now on deposit” de novo.
The landlord has a valid claim against the tenant for at least $2,840 plus counsel fees and court costs. Tenant admits not paying any of this money to the landlord. It is axiomatic that landlord must receive rent payment in order to pay taxes, water bills and to pay for repairs and that it is not illegal for a tenant to pay rent (Marks v City of New York, 121 Misc 2d 303, supra). Petitioner is entitled to any sum of money which was payable at the time the summary proceeding was commenced and the reasonable value of the use and occupation to the time when the warrant was issued (RPAPL 749, subd 3). The eviction of a tenant for nonpayment of rent does not discharge the tenant from the payment of rent or other obligations accrued, but only annuls the lease as to future rights and liabilities. (Johnson v Oppenheim, 55 NY 280.)
*163 The purpose of the deposit of funds with the Finance Administrator in this proceeding is to secure the landlord that it would not continue to lose rent once the court granted a judgment in favor of the landlord and to protect the landlord from further loss caused by the court granting a stay of the execution of the warrant. The deposit created a fund which would belong to the party prevailing upon a new trial or an appeal. In fact, the temporary stay granted on February 9, 1984 was granted solely on condition that the sum of $1,500 was deposited with the Finance Administrator on or before February 14,1984. It is for just such a reason that the Legislature added RPAPL 745 (subd 2) in 1983.
In the instant proceedings, in addition to the landlord having a personal judgment against the tenant for $1,013.28 with interest from September 21,1983, the landlord is entitled to the rental and use and occupation through the time the tenant was evicted. The amount owed is more than the amount on deposit.
It is therefore ordered that all funds on deposit with the Finance Administrator in this proceeding be released to the landlord, Linton Realty Corp.